154 So. 612

## MULKEY v. STATE.

### 5 Div. 927.

Court of Appeals of Alabama.
May 8, 1934.

Chas. S. Moon, of Lafayette, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of bigamy. Code 1923, § 3440.

Of course it was prerequisite to a conviction that it be shown that appellant, prior to the time of his second marriage—the one giving basis to the prosecution—had been validly married to a woman who was yet living at the time of the second marriage.

The only proof of said prior (first) marriage was a certificate of one J. A. R. Camp, ordinary of the county of Coweta, state of Georgia, purporting to show the marriage of appellant to one Mrs. Dollie Mae Hunter, by

"J. J. Davis, N. P. Ex Offi. J. P.," under a "license" in words and figures as follows:

"Marriage License.

"No. 500

"State of Georgia, County of Coweta

"To any Judge, Justice of the Peace, or Minister of the Gospel.

"You are hereby authorized to join in the Holy State of Matrimony according to the Constitution and Laws of this State and for so doing this shall be your License. And you are hereby required to return this License to me with your Certificate hereon of the fact and date of the Marriage within thirty days after the date of said marriage.

"Given under my hand and seal this 12 day of May, 1928.

"J. A. R. Camp    L. S.
"[Seal.]              Ordinary."

It is obvious that this "license," so called, was no license at all. It was, as appears, and as we have copied from the transcript, above, a nullity. The "marriage" thereunder to Mrs. Dollie Mae Hunter was void. Hence this prosecution fails.

For the error in refusing to give to the jury at appellant's request the general affirmative charge to find in his favor, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.